UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
:
**POOYAN ASLANI**,
:
                  Plaintiff,
:
: **MEMORANDUM DECISION AND**
      – against –
: **ORDER**
:
: 24-CV-6985 (AMD) (CLP)
**CREDIT ONE BANK, N.A.**,
:
:
                  Defendant.
:
-------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

    Before the Court is the plaintiff's motion to remand this action, in which the plaintiff makes claims related to alleged overcharges on his credit card account, back to New York state court, where the plaintiff filed it originally. The plaintiff also asks that the Court award him costs and fees if it remands the case. The defendant opposes and asks the Court to compel arbitration. For the reasons below, the Court grants the plaintiff's motion and remands the action to New York state court and denies the motion for costs and fees.

## BACKGROUND

    On September 8, 2024, the plaintiff filed this action in New York State Supreme Court under index number 524320/2024. In general, the plaintiff alleges that the defendant improperly charged and mishandled his credit account. The state court complaint asserted three causes of action: (1) breach of contract; (2) a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*; and (3) unjust enrichment. (ECF No. 1-1 ¶¶ 11–16.)

On October 2, 2024, the defendant timely removed the action to federal court based on federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).[1] The defendant contends that the Court has federal question jurisdiction because the plaintiff's "causes of action for alleged violation of the FCRA, 15 U.S.C. § 1681 *et seq.*, 'arises under' the laws of the United States." (ECF No. 1 at ¶ 11.)

On October 8, 2024, the plaintiff filed an amended complaint on the federal court docket in which he added two new causes of actions: (1) a claim under New York State Human Rights Law (NYSHRL), Executive Law § 296(2)(a); and (2) a claim under New York City Human Rights Law (NYCHRL), Administrative Code § 8-107(4)(a). (ECF No. 5.)[2] The next day, the plaintiff timely moved to remand the action back to state court. (ECF No. 6.) He argues that the action "predominantly involves state law claims" that "are better suited for adjudication in state court." (*Id.* at 1.) The defendant answered the complaint, (ECF No. 8), and opposed the motion, (ECF No. 9). The following day, the plaintiff moved to strike the affirmative defenses in the defendant's answer. (ECF No. 10.)

On November 1, 2024, the Court ordered the defendant to file a letter addressing whether the plaintiff had Article III standing to assert a claim under the FCRA. (*ECF Order dated Nov. 1, 2024*). The Court directed the defendant to address the issue of the plaintiff's "concrete

---

[1] The defendant alleges — and the plaintiff does not dispute — that the defendant filed the notice of removal within 30 days of accepting service.

[2] The plaintiff did not request leave to file the amended complaint. In any event, because the Court must evaluate jurisdiction at the time of removal, the question is whether the Court has jurisdiction over this action, as pled in the original complaint filed in state court. And "while the voluntary addition of a federal claim to an amended complaint can cure a removal defect," (*Herskovic v. Verizon Wireless*, No. 23-648, 2024 WL 4212191, at *2 (2d Cir. Sept. 17, 2024)), none of the allegations in the amended complaint change the Court's standing analysis.

2

harm," as described in *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) and the Second Circuit in *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58 (2d Cir. 2021). (*Id.*)

On November 6, 2024, the defendant filed a motion to compel arbitration. (ECF No. 13.) The defendant responded to the Court's order on November 11, arguing that the plaintiff had standing, but that the Court should hold "any question as to standing" in abeyance until it decides its motion to compel arbitration. (ECF No. 14.) The plaintiff filed a letter in response on November 12, 2024, arguing that the defendant "has not demonstrated the concrete harm [to the plaintiff] necessary for federal jurisdiction." (ECF No. 15.)

## LEGAL STANDARD

"Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "Under 28 U.S.C. § 1441(a), a defendant removing a civil action to federal district court 'bears the burden of demonstrating the propriety of removal,' which is determined by the pleadings at the time of removal." *Jean-Louis v. Carrington Mortg. Servs., LLC*, 849 F. App'x 296, 298 (2d Cir. 2021) (quoting *Grimo v. Blue Cross/Blue Shield, of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)). In general, courts "evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." *Vera v. Saks & Co.*, 335 F.3d 109, 116 n.2 (2d Cir. 2003). Thus, a defendant who removes a case bears the burden of showing that the district court has subject matter jurisdiction, as of the date of removal. "If the federal court lacks subject-matter jurisdiction, it must grant the motion to remand." *Mohadeb v. Credit Corp Sols. Inc.*, No. 22-CV-5017, 2022 WL 17832856, at *1 (E.D.N.Y. Dec. 21, 2022).

3

**DISCUSSION**

**I. Subject Matter Jurisdiction**

The defendant removed this case on the basis of federal question jurisdiction. "Under the longstanding well-pleaded complaint rule, . . . a suit 'arises under' federal law for 28 U.S.C. § 1331 purposes 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908). In other words, a federal court has subject matter jurisdiction "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Vera*, 335 F.3d at 113 (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). In turn, "[a] well-pleaded complaint may raise a federal question . . . by . . . asserting a federal cause of action." *Coal. of Landlords, Homeowners, & Merchants Inc. v. Suffolk Cnty.*, No. 24-CV-3323, 2024 WL 4188922, at *5 (E.D.N.Y. Sept. 13, 2024).

The plaintiff's complaint states a claim under FCRA, 15 U.S.C. § 1681 *et seq.*, on its face. However, the plaintiff does not have standing to assert that cause of action. And therefore, the Court does not have subject matter jurisdiction over this lawsuit.

"Article III standing requires plaintiffs to show (1) an 'injury in fact,' (2) a 'causal connection' between that injury and the conduct at issue, and (3) a likelihood 'that the injury will be redressed by a favorable decision.'" *Maddox v. Bank of New York Mellon Tr. Co., N.A.*, 19 F.4th 58, 62 (2d Cir. 2021) (quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992). "To demonstrate injury in fact, a plaintiff must show the invasion of a [1] legally protected interest that is [2] concrete and [3] particularized and [4] actual or imminent, not conjectural or hypothetical." *Id.* (quoting *Strubel v. Comenity Bank*, 842 F.3d 181, 188 (2d Cir. 2016)). "Only those plaintiffs who have been *concretely harmed* by a defendant's statutory violation may sue

4

that private defendant over that violation in federal court." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 427 (2021) (emphasis in original).  A harm is concrete when "the alleged injury to the plaintiff has a 'close relationship' to a harm 'traditionally' recognized as providing a basis for a lawsuit in American courts."  *Id.* at 424 (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341 (2016), *as revised* (May 24, 2016)).  In general, "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."  *Id.* at 431.

In *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021), the Supreme Court analyzed the meaning of "concrete harm" in the context of a claim brought under the FCRA, in a factual scenario similar to that at issue here.  The Court held that there is "no historical or common-law analog where the mere existence of inaccurate information, absent dissemination, amounts to concrete injury."  *Id.* at 434.  Accordingly, if a credit reporting agency merely maintains an inaccurate report that is not shared with any third party, the plaintiff suffers no concrete harm and has no standing to assert a claim under the FCRA.  *See id.* at 433–34 ("'[I]f inaccurate information falls into' a consumer's credit file, 'does it make a sound?'" (quoting *Owner-Operator Indep. Drivers Assn., Inc. v. United States Dept. of Transp.*, 879 F.3d 339, 344 (D.C. Cir. 2018)).  By contrast, a plaintiff *does* suffer a concrete injury if an inaccurate credit report is shared with a third party, as that harm has "a 'close relationship' to the harm associated with the tort of defamation."  *Id.* at 432.

According to the defendant, the plaintiff "alleg[es] concrete harm resulting from the publication of his alleged inaccurate balance information by the CRA."  (ECF No. 14 at 2.)  In fact, the plaintiff pleads only that the defendant "incorrectly reported Plaintiff's credit account status to credit bureaus" — that is, to the CRAs (ECF No. 1-1 ¶ 8); he does not allege that the CRAs have published or reported the purportedly incorrect credit score or that he suffered any

5

injury because of those reports. The plaintiff does not allege that the inaccurate credit report was ever shared with any third party or that it had any concrete adverse effect. "The misleading record may have been . . . available to all; but, so far as is known, it was read by no one." *Maddox*, 19 F.4th at 65. The defendant has not drawn a direct line between the incorrect information and any concrete harm the plaintiff has alleged, and therefore has not demonstrated that the plaintiff has standing. *See, e.g.*, *Mohadeb*, 2022 WL 17832856, at *1; *Ngambo v. Chase*, No. 20-CV-2224, 2023 WL 9004789, at *4 (S.D.N.Y. Dec. 28, 2023).

Because the defendant has not demonstrated that this lawsuit raises an actual case or controversy on the plaintiff's sole federal cause of action, the Court does not have subject matter jurisdiction over this action. And because the Court does not have subject matter jurisdiction, it must remand the case. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

## II. Motion to Compel

The defendant also asks the Court to withhold judgment on the question of jurisdiction until it rules on the motion to compel arbitration, which the defendant says would serve the interest of judicial economy. (ECF No. 14 at 2.)

Jurisdiction is a threshold inquiry, which the Court must resolve first. *See, e.g.*, *Hirsch v. Qingdao Orien Com. Equip. Co.*, No. 12-CV-952, 2015 WL 1014352, at *6 n.10 (E.D.N.Y. Mar. 6, 2015) ("Article III standing is a jurisdictional requirement that the Court must address before considering any other issues."). "Whether the plaintiff has made out a 'case or controversy' between himself and the defendant is the threshold question in every federal case, determining the power of the court to entertain the suit." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (alteration incorporated) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). As the

Supreme Court has explained, "[i]f the plaintiff does not claim to have suffered an injury that the defendant caused and the court can remedy, there is no case or controversy for the federal court to resolve." *TransUnion*, 594 U.S. at 423 (internal quotation omitted). Thus, courts must be satisfied that the plaintiff has standing before proceeding any farther in adjudicating a case. *See, e.g.*, *Kallas v. Egan*, 842 F. App'x 676, 679 (2d Cir. 2021) (affirming the district court's decision not to consider the merits of a plaintiff's claim, "given that the threshold jurisdictional requirement of standing was not met"); *Cassese v. Washington Mut., Inc.*, 262 F.R.D. 179, 183 (E.D.N.Y. 2009) (declining to consider the plaintiffs' motion for class certification because "they cannot satisfy the threshold jurisdictional requirement of standing").

Nothing about the nature of a motion compel changes this analysis. For instance, in *Herskovic v. Verizon Wireless*, No. 23-648, 2024 WL 4212191 (2d Cir. Sept. 17, 2024) (summary order), the Second Circuit found that the district court lacked subject matter jurisdiction because the complaint did not affirmatively raise a federal question. Thus, the Second Circuit held that the district court should not have exercised jurisdiction in compelling arbitration or confirming the award. *Id.* Accordingly, the court vacated the district court's orders compelling arbitration and confirming the arbitral award and ordered that the case be remanded to state court. *Id.* at *2.

In *George v. Rushmore Serv. Ctr., LLC*, 114 F.4th 226 (3d Cir. 2024), which the Second Circuit cited in *Herskovic*, the Third Circuit analyzed the Supreme Court's opinion in *Transunion* and held that the plaintiff did not have standing to assert a federal cause of action. *Id.* at 238. The court explained that "because [the plaintiff] lacked standing at the outset of her suit, the District Court could not properly exercise jurisdiction under [the Fair Debt Collection Practices Act] or 28 U.S.C. § 1331. And because the District Court could not properly exercise

7

jurisdiction under either statute, it lacked jurisdiction over the 'controversy between the parties' and the motion to compel." *Id.* (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 66 (2009)). The same logic controls this case.

In short, the Court does not have subject matter jurisdiction over this case, and thus cannot decide the motion to compel arbitration.

### III. Motion for Costs and Fees

The plaintiff also moves for costs and fees pursuant to 28 U.S.C. § 1447(c). Under that provision, "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney['s] fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[A]bsent unusual circumstances, attorney's fees should not be awarded [under § 1447(c)] when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 136 (2005).

This is not a case in which the defendant "lacked an objectively reasonable basis for removal." *Id.* As previous courts in this district have held under nearly identical circumstances, "[t]he jurisdictional lacunae recently created by *TransUnion* and its progeny has reasonably confounded those removing defendants who expected that a federal court would be the proper place for the adjudication of cases about federal law." *Hakobyan v. Experian Info. Sols., Inc.*, No. 23-CV-1532, 2024 WL 1468170, at *3 (E.D.N.Y. Apr. 4, 2024) (quoting *George v. Credit Corp Sols. Inc.*, No. 22-CV-5512, 2023 WL 7000964, at *7 (E.D.N.Y. Aug. 24, 2023)). Therefore, in cases like this one, in which the complaint asserts a federal cause of action on its face, courts have declined to issue orders for costs and fees. *See id.*; *see also George*, 2023 WL 7000964, at *7; *Jaber v. Complete Payment Recovery Servs., Inc.*, No. 22-CV-02689, 2022 WL 3543500, at *4 (E.D.N.Y. Aug. 18, 2022); *Clark v. Bay Park Ctr. for Nursing & Rehab.*, No. 19-

8

CV-506, 2019 WL 3852430, at *3 (S.D.N.Y. Aug. 16, 2019).  The Court agrees with this reasoning and denies the plaintiff's motion for costs and fees.

## CONCLUSION

For these reasons, the plaintiff's motion to remand is granted.  The case is remanded to the Supreme Court of the State of New York, Kings County.

**SO ORDERED.**

                                                         s/Ann M. Donnelly

                                                  ANN M. DONNELLY
                                                  United States District Judge

Dated: Brooklyn, New York
         November 20, 2024